**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARIO GANT, : | |
| : | Civil Action No. |
| Petitioner, : | 09-4041 (RBK) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| WARDEN OF F.C.I. FORT DIX, : | |
| : | |
| Respondent. : | |

**Robert B. Kugler**, District Judge:

This matter is before the Court upon Mario Gant's ("Petitioner") application for habeas corpus relief, pursuant to 28 U.S.C. § 2241. Petitioner duly prepaid his filing fee. For the reasons stated below, the Court will dismiss the Petition.

**I.   BACKGROUND**

Petitioner is a federal inmate presently confined at the F.C.I. Fort Dix, Fort Dix, New Jersey. Petitioner alleges, without any more specificity, that he was housed at the Northeast Ohio Correctional Center ("NEOCC") sometimes during his current sentence.[1] In the instant matter, Petitioner requests a downward

---

[1] Except for this general allegation, the petition fails to provide any information as to the circumstances of Petitioner's

Page -1-

reduction of his sentence, asserting as follows:

> [Petitioner] moves this . . . Court to issue an order requiring the Federal Bureau of Prisons to award [P]etitioner a two for one time credit for everyday [sic.] served in the U.S. Marshal hold at the Northeast Ohio Correctional Center (["]NEOCC["]) [because] the conditions at the []NEOCC[] borderline on cruel and unusual punishment[,] and this has caused [P]etitioner to serve a more onerous period of incarceration, than that which was contemplated by the sentencing [c]ourt. . . . [P]etitioner [expressly concedes that he] has not exhausted his administrative remedies. . . .

Docket Entry No. 1, at 1-2.

## II. DISCUSSION

### A. Instant Petition is a De Facto § 2255 Motion

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

---

conviction and how he came to be housed in the Northeast Ohio Correctional Center.  The Court's own research revealed two Petitioner's convictions, one in USA v. Gant, 97-6074 (W.D.N.Y.) (which resulted in 14-month incarceration), and another in USA v. Gant, 07-6079 (W.D.N.Y.) (this conviction appears to be the one underlying Petitioner's current incarceration; it produced a 77-month sentence).  However, the Court has no ability to verify Petitioner's actual housing at the NEOCC during his current sentence.  In light of Petitioner's pro se status, the Court will construe the petition as alleging, and will accept as true for the purposes of this Opinion and accompanying Order, that Petitioner was confined at the NEOCC during his current term of imprisonment.

28 U.S.C. § 2241(c)(3).[2]

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3] See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342

---

[2] "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date); see also Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

>    that the applicant has failed to apply for relief, by
>    motion, to the court which sentenced him, or that such
>    court has denied him relief, unless it also appears
>    that the remedy by motion is inadequate or ineffective
>    to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[5]  Id. at 539.

---

[5] The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a

In light of the foregoing, it appears that the Petition would be more properly characterized as a § 2255 motion, since Petitioner seeks a modification of his sentence. Under such a construction, this Court is without jurisdiction to address Petitioner's mislabeled § 2255 motion, since § 2255 is neither inadequate nor ineffective vehicle for Petitioner to seek a downward reduction of his sentence. In sum, construing the Petition as a § 2255 motion, this Court is constrained to dismiss it for lack of jurisdiction.[6]

B.  **Alternative Deficiencies of the Petition**

Moreover, even if this Court were to construe the Petition as either a Section 2241 application (i.e., as a challenge to the execution of Petitioner's federal sentence rather than as a

---

crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

[6] The Court's decision does not prevent Petitioner from initiating § 2255 proceedings before his sentencing court. This Court, however, expressly stresses that the instant Opinion or accompanying Order should not be construed as reflecting, in any way, on substantive or procedural validity of Petitioner's § 2255 motion: these issues are for Plaintiff's sentencing court to decide.

challenge to the length of his sentence), which is the asserted basis, or as an application made pursuant to 18 U.S.C. § 3582(c),[7] i.e., the provision that governs the modification of an imposed prison term, the Petition must be dismissed as an unexhausted § 2241 application or, in the latter scenario, for lack of jurisdiction.

### 1. As a § 2241 petition, the Application Is Unexhausted

While the exhaustion requirement is not jurisdictional but that of prudence or comity, the requirement is diligently enforced by the federal courts.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (noting that "a procedural default in the administrative process bars judicial review because the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar"); see also Callwood v. Enos, 230 F.3d

---

[7] A habeas applications must meet the steep pleading requirements set forth in the governing Habeas Rules.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet *heightened* pleading requirements") (emphasis supplied).  Indeed, a petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254, Rule 2(c) (amended Dec. 1, 2004, and applicable to § 2241 petitions through Habeas Rule 1(b)).  Nonetheless, in light of Petitioner's pro se status, we discuss these alternative bases for jurisdiction in an exercise of caution.

627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241"). In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. See 28 C.F.R. § 542.10; see also Lindsay v. Williamson, 2007 U.S. Dist. LEXIS 54310 (M.D. Pa. July 26, 2007). Specifically, he first must informally present his complaint to staff. See 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate must then raise his complaint with the warden of the institution where he is confined. See id. at § 542.14(a). If dissatisfied with the warden's official response, he may then appeal the warden's decision to the Regional Office of the BOP. See id. at §§ 542.15(a) and 542.18. Moreover, no administrative appeal is considered duly exhausted until the decision to the Regional Office is appealed and a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, 289 Fed. App'x 475 (3d Cir. 2008).

    Here, Petitioner concedes that he did not attempt any administrative exhaustion. He asserts that exhaustion would be "futile" because Respondent is "unable to afford [P]etitioner the relief he seeks." Docket Entry No. 1, at 3. Petitioner errs. Petitioner's self-serving conclusion that the administrative process would be futile cannot his excuse his failure to exhaust. As the discussion below illustrates, Respondent may indeed be

capable through the § 3582 process of considering Petitioner's request.[8]  Thus, if construed as a Section 2241 application, the Petition must be dismissed for failure to exhaust Petitioner's administrative remedies.

### 2. As § 3582 application, the Petition Is Deficient

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. See United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994); Morales v. United States, 353 F. Supp.2d 204, 205 (D. Mass. 2005); accord United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure). Specifically, Section 3582 states, in pertinent part, that a district court may not modify a sentence once it has been imposed except that --

---

[8] The Court notes, without deciding, that other federal statutes may authorize the BOP to consider Petitioner's request. BOP has the responsibility to consider applications to exercise any discretionary power authorized by Congress. Cf. Barden, 921 F.2d 476 (noting BOP failure to fully recognize its discretionary power to designate place of confinement). Allowing a federal agency to consider such requests, and the proper scope of its own discretion, in the first instance furthers the prudence and comity considerations underlying the exhaustion requirement associated with § 2241. See Moscato 98 F.3d at 760-62 (exhaustion allows agency to apply its expertise, conserves judicial resources, and permits self-correction of administrative errors fostering autonomy).

    (1)   in any case --

        (A)   the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --

            (i)   extraordinary and compelling reasons warrant such a reduction; or

            (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

        (B)   the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

    (2)   in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set

>     forth in section 3553(a) to the extent that they
>     are applicable, if such a reduction is consistent
>     with applicable policy statements issued by the
>     Sentencing Commission.

18 U.S.C. § 3582(c).

Here, Petitioner's request for a modification of his sentence might seek to invoke the exception of "extraordinary and compelling reasons" set forth in § 3582(c)(1)(A)(i).[9]  However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section unless the Director of the BOP files a motion seeking such reduction of sentence.  See United States v. Thomas, 570 F. Supp. 2d 202, 203 (D.P.R. 2007); United States v. Hudson, 44 Fed. App'x 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp. 2d 80 (D. Me. 2006); Morales v. United States, 353 F. Supp. 2d 204 (D. Mass. 2005); Porges v. Zickefoose, 2008 U.S. Dist. LEXIS 81691 (D. Conn. Oct. 15, 2008).

In the case at bar, there has been no motion on Petitioner's behalf filed by the Director of the BOP – and, indeed, it would be surprising if one had been filed, since Petitioner expressly states that he has not exhausted his claims administratively or otherwise brought his claims regarding the NEOCC to the attention of BOP officials.  It follows that this Court has no authority to

---

[9] The Court notes, in passing, that Petitioner has not asserted any facts that would have this matter fall within any of the other exceptions listed under § 3582(c).

grant Petitioner request for a sentence reduction under this statute.  Furthermore, even if Petitioner were successful in having the Director of the BOP move for a modification of his sentence pursuant to § 3582(c)(1)(A)(i), this Court would still be without jurisdiction to grant Petitioner relief, since the jurisdiction to entertain such an application rest exclusively with the district court that imposed Petitioner's sentence, i.e., the United States District Court for the Western District of New York.  See Braswell v. Gallegos, 82 Fed. App'x 633, 635 & n.2 (10th Cir. 2003) (district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district, and the application for modification of the sentence should have been filed in the district which imposed the sentence); Porges, 2008 U.S. Dist. LEXIS 81691, 2008 WL 4596640 at *2.

　　　Hence, even if the Court construes the Petition as a Section 3582 application, it must be dismissed for lack of jurisdiction.[10]

---

[10] The case law Petitioner cites in his application is inapposite to Petitioner's claims at hand, since -- in all of these cases -- the conditions of confinement were used by the sentencing court to grant a downward departure from the sentencing guidelines at the time of sentencing. See United States v. Rodriguez, 214 F. Supp. 2d 1239, 1240-41 (M.D. Ala. 2002) (sentencing court granted a downward departure after defendant had been sexually assaulted during pre-sentencing confinement); United States v. Francis, 129 F. Supp. 2d 612, 619 (S.D.N.Y. 2001)(sentencing court granted downward departure after finding that defendant was subjected to harsh and substandard

**III. CONCLUSION**

    For the reasons set forth above, the Petition will be dismissed.

    An appropriate Order accompanies this Opinion.

                                       s/Robert B. Kugler
                                        **ROBERT B. KUGLER**
                                        **United States District Judge**

Dated: August 24, 2009

---

conditions during his pretrial and pre-sentence confinement for an extended period of time); United States v. Bakeas, 987 F. Supp. 44, 46-50 (D. Mass. 1997) (sentencing court granted a downward departure because, as a non-citizen, defendant would have been confined to far more onerous conditions in a medium security institution than the recommended sentence of 12 months in a minimum security facility).